USDC SCAN INDEX SHEET










```
JAH    3/6/06    15:50
3:06-CV-00253    VERUS GLOBAL FUND V. EXAIR COMMUNICATIONS
*4*
*AMDCMP.*
```

William A. Markham, State Bar No. 132970
MALDONADO & MARKHAM, LLP
402 West Broadway, Suite 400
San Diego, CA 92101

Tel:     (619) 221-4400
Fax:    (619) 224-3974
E-mail: wm@maldonadomarkham.com

FILED
MAR - 3 2006
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ORIGINAL

Attorneys for Plaintiff, VERUS GLOBAL FUND.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERUS GLOBAL FUND,<br><br>　　　　Plaintiff,<br><br>Vs.<br><br>EXAIR COMMUNICATIONS CORPORATION,<br><br>　　　　Defendant. | Case No. '06 CV0253 IEG (POR)<br><br>FIRST AMENDED COMPLAINT FOR VIOLATION OF 15 U.S.C. § 78(j), BREACH OF CONTRACT, AND QUANTUM MERUIT<br><br>PRAYER FOR RELIEF<br><br>DEMAND OF JURY TRIAL |

FIRST AMENDED COMPLAINT FOR VIOLATION OF 15 U.S.C. § 77 q (a), etc.

## I. CONCISE STATEMENT OF THE CASE

1. Plaintiff, Global Verus Fund ("Verus") is a Luxembourg company that has paid $147,000 to purchase a specified number of stock shares from Defendant, eXair Communications, Inc. (the "Company"), which is a publicly-held corporation that is regulated by the Securities and Exchange Commission. The Company received the money, but it never delivered the shares, and since receiving the money it has refused to respond to Verus' repeated efforts to obtain either the shares or a refund of its money. The Company has not only taken the money without delivering the shares, but also misled Verus into believing that the Company's omission to transfer the shares was a clerical error that it would rectify. More recently, the Company has outright refused to respond to Verus' correspondence or other efforts to obtain an explanation, a refund or the shares themselves. This case therefore presents a straightforward instance of brazen unjust enrichment. Its only surprising feature is that a publicly-held company would conduct its affairs in such a manner.

## II. THE PARTIES

2. Plaintiff, Verus, is incorporated under the laws of Luxembourg. It has standing to bring suit in this Court because of the following: (1) in this matter, it acted as a bona fide purchaser of United States securities publicly offered by Defendant, a United States corporation that is listed on public stock exchanges in the United States, and (2) in this matter, it paid for these securities by dispatching funds by wire transfer to a bank account in the United States for Defendant's benefit.

3. Defendant, the Company, is a corporation organized under the laws of Nevada that maintains its business headquarters in San Diego, California.

## III. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the present case because it arises under 15 U.S.C. § 78. This Court therefore has subject-matter jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

//

FIRST AMENDED COMPLAINT FOR VIOLATION OF 15 U.S.C. § 77 q (a), etc.  2

5. This Court has subject-matter jurisdiction over Verus' claims for violations of common law doctrines because of its supplemental jurisdiction under 28 U.S.C. § 1367.

6. This Court is the proper venue for this case because many of the transactions and occurrences placed at issue occurred in this District, and also because the one named Defendant, the Company, maintains its business headquarters in this District.

## IV. FIRST CAUSE OF ACTION
### (VIOLATION OF 15 U.S.C. § 78j – RULE 10B-5 VIOLATION)

7. Verus re-pleads and incorporates by reference each of the preceding allegations.

8. Verus has paid $147,165.00 in all to the Company in exchange for 58,800 shares of its stock. More particularly, Verus paid $97,150.00 for 29,000 shares of this stock on July 9, 2002, and it paid an additional $50,015.00 for 14,900 shares of this stock on August 5, 2002. Despite having remitted these payments, Verus has never received *any* of the shares for which it made payment. Verus paid for these shares at the prices then publicly listed for them.

9. The Company received Verus' money, but never delivered the specified shares, nor returned the money. For a time the Company's representatives indicated to Verus that the matter was a mere clerical or administrative failing, which the Company would examine and redress. Verus, in reliance on this assurance, wrongly concluded that it would receive the specified shares from the Company once the clerical or administrative error was rectified. More recently, the Company has simply refused to respond to Verus' inquiries about the matter. It became clear to Verus only in December, 2005 that the Company intended to defraud Verus by taking its money but refusing to deliver the specified shares of stock, doing so in order to make "double" sales of the same stock and thereby earn a fraudulent windfall at the public stock exchanges. It was reasonable under these circumstances for Verus to have made this discovery only at this late date: After all, the Company is a publicly listed corporation licensed to sell its shares on United States stock exchanges. It was simply inconceivable to Verus that such a company would simply pocket its money and refuse to

FIRST AMENDED COMPLAINT FOR VIOLATION OF 15 U.S.C. § 77 q (a), etc.   3

deliver the quoted number of shares.

10. In this manner the Company has obtained funds in violation of Rule 17 (a) of the Securities and Exchange Act of 1933 (15 U.S.C. § 77q (a)), it has committed wrongdoing in violation of Rule 10b-5 of the Securities and Exchange Act of 1934 (15 U.S.C. § 78 (j)), it has breached a contract for the sale of shares of stock, and it has obtained an unjust enrichment at Verus' expense.

11. By the aforementioned misconduct, the Company has obtained funds in violation of Rule 10b-5 of the Securities and Exchange Act of 1934 (15 U.S.C. § 78j *et seq.* and 17 C.F.R. § 240.10b-5).

12. In this matter, the Company used a means of communication in interstate commerce to engage in a transaction that has operated as a fraud or deceit upon Verus, which has been the putative purchaser.

13. The Company concealed its fraud until December, 2005. From August, 2002 until December, 2005, the Company deliberately led Verus to believe that its failure to issue the specified stock was a clerical or accounting error, and that once this error was corrected it would issue the proper number of shares to Verus, which for its part patiently awaited the correction and issuance of the purchase of shares. Verus reasonably discovered only in December, 2005 that the Company intended to take Verus' money but not deliver the specified stock to it. Under the circumstances, it was reasonable of Verus to make this discovery only in December, 2005. Thus Verus has brought this action within one year of the discovery of the Company's violation of the above-cited statutes and regulation.

14. Verus has been proximately harmed by the Company's fraud in an amount that will be demonstrated at a later stage of these proceedings.

WHEREFORE, Verus prays to the Court for the redress and other relief that is listed in its Prayer for Relief, which appears below.

//
//
//

FIRST AMENDED COMPLAINT FOR VIOLATION OF 15 U.S.C. § 77 q (a), etc.          4

### IV. SECOND CAUSE OF ACTION
### (BREACH OF CONTRACT)

15. Verus re-pleads and incorporates by reference each of the preceding allegations.

16. Verus and the Company entered into a written contract (the "Contract"), which is memorialized by transaction records, and by which the Company agreed to sell a specified number of its shares of stock in exchange for specified sums, which Verus timely paid in the agreed-upon manner. Appended hereto are true and correct copies of the documents that collectively constitute the Contract. The essential terms of the Contact are that the Company promised to transfer to Verus the specified number of its shares of stock in exchange for the specified payments.

17. Verus has otherwise performed all of its obligations under the Contract.

18. The Company breached the Contract in July, 2002 and again in August, 2002 by failing to deliver the agreed-upon shares of stock in exchange for the agreed-upon payment prices, which it duly collected from Verus.

19. Verus has suffered proximate injury and harm because of this breach of contract, and the amount and extent of this injury and harm will be demonstrated at a later stage of these proceedings.

WHEREFORE, Verus prays to the Court for the redress and other relief that is listed in its Prayer for Relief, which appears below.

### IV. THIRD CAUSE OF ACTION
### (QUANTUM MERUIT)

20. Verus re-pleads and incorporates by reference each of the preceding allegations.

21. Verus has caused to be delivered to the Company two sums of money: $97,150.00, which it sent to the Company's care by wire transfer on July 9, 2002, and $50,015.00, which it sent to the Company's care by wire transfer on August 5, 2002.

//

FIRST AMENDED COMPLAINT FOR VIOLATION OF 15 U.S.C. § 77 q (a), etc.   5

22. The Company has received the money, but has never given to Verus the shares of stock that it had promised to give in exchange for this money and that it became obliged to transfer upon receipt of this money. In this manner, the Company has obtained an unjust enrichment at Verus' expense, and Verus is entitled to a return of this money along with statutory interest under the doctrine of *quantum meruit*. In addition, Verus is entitled to recover this money under the doctrine of the open-book common account.

23. Verus has suffered proximate injury and harm because of the above-pled conduct, and the amount and extent of this injury and harm will be demonstrated at a later stage of these proceedings.

WHEREFORE, Verus prays to the Court for the redress and other relief that is listed in its Prayer for Relief, which appears below.

## V. PRAYER FOR RELIEF

WHEREFORE, Verus now prays to this Court for the following redress and other relief:

1. Compensatory damages – direct and incidental.
2. Consequential damages that were reasonably foreseeable at the time the Contract was made.
3. Statutory damages.
4. Restitution.
5. Disgorgement.
6. Reasonable attorney's fees, as allowed by statute or contract.
7. Punitive and exemplary damages.
8. Pre-judgment interest and costs of suit.
9. Such other relief as is afforded by law on the facts and law of this case as well as such other relief as the Court deems to be appropriate under the circumstances of this case.

//

//

FIRST AMENDED COMPLAINT FOR VIOLATION OF 15 U.S.C. § 77 q (a), etc.                    6

## VI. DEMAND OF JURY TRIAL

Verus now demands that a jury of its peers try its claims so far as the law allows.

DATED: March 2, 2006                                  Respectfully submitted,

                                                          MALDONADO & MARKHAM, LLP

                                 By:   _____
                                           William A. Markham,
                                           Attorneys for Plaintiff, VERUS GLOBAL FUND.

# EXHIBIT A

**AMERITRADE**

Search site: [ex. What is margin trading?] [Go]
Get Quote(s): [ex. MSFT, +IBMAT...] [Go] Find Symbol

| Trade | Portfolio | Streamer Suite™ | Research | Account | moral23877 | Logout |

Express Trading: Disabled    Fri Nov 04 2005 4:04:24 AM EST

Home > Research: Stocks > **EXRM**

| Markets | Stocks | Funds | Bonds | ETFs |   Enter Symbol(s): [EXRM] [Go]   Find Symbol

Quote
Option Chain
Historical Prices
Competitors

Profile
News Archive
Financials
SEC Filings
Insider Transactions
Charts

S&P Stock Report
Market Edge Analysis
Analyst Ratings
Earnings Estimates
Upgrades/Downgrades
Company Events

Streaming Charts
Last Sale
Level II
Quote Scope
Streaming News

*Before investing in a mutual fund or ETF, be sure to carefully consider the fund's or ETF's investing objectives, risks, charges and expenses. For a prospectus containing this and other important information, contact the fund or ETF sponsor, or an Ameritrade Client Services representative. Please read the prospectus carefully before investing.*

**EXRM** EXAIR COMMUNICATIONS CORP COM
(OTC)

**$4.85** ▲ 0.00(0.00%) R   > Buy   > Sell   > Trade Trigg

View: [Comprehensive]

| | | | |
|---|---|---|---|
| Bid | -- | B/A Size | 0X0 |
| Ask | -- | Last Size | 300 |
| Last | 4.85 | Last Trade | 10/21/2005 1:15:59 PM EDT |
| Open | -- | Asset Type | Stock |
| Close | 3.625 | P/E | 0.00 |
| Change | 0.00 | 52-wk High | 4.85 |
| Change % | 0.00% | 52-wk Low | 0.05 |
| High | 4.85 | Exchange | OTC |
| Low | 4.85 | Dividend Amount | 0.00 |
| Volume | 0 | Dividend Yield | 0.00 |
| | | Ex-Dividend Date | |

EXRM Daily
@BigCharts.com
Jun  Jul  Aug
1 wk   1 mnth   3 r

**News for EXRM**

**News Headlines**

[No news headlines available for this timeframe.]

**Press Releases**

| 10/5/2004 8:14:00 PM | Nextair Inc. and eXair Communications Announce Partnership - BusinessWire |
| 10/1/2004 10:40:00 AM | Company Profile for eXair Communications Corpor |

R Real-time   D Delayed

3rd Party Research Disclosure

BSA                                 Message File - Message Report

```
U-UMID      = IMRMDUS33XXX100LG/ 035350 0
Suffix      = 020801

Status =
    Message Modified
    Deletable


Format      = Swift              Sub-Format  = INPUT
Msg Type    = 100                Nature      = Financial

Sender      =
    IBLULULLXXX LT : A

        SELLA BANK LUXEMBOURG S.A.

        2449 LUXEMBOURG
        LUXEMBOURG
        LU
        LUXEMBOURG


Receiver    =
    MRMDUS33XXX LT : X

        HSBC BANK USA


        NEW YORK, NY
        US
        UNITED STATES


Transaction ref. = LG/ 035350 0    Related ref. =
Amount      = 50015, USD           Value/Date = 020805


Format & Validation

Version     = 0105                 Checked     = Minimum
Netw. Appl. = FIN                  Passed      = Minimum


Sender to Network Instructions

Priority    = Normal
Delv. Overdue warning request= FALSE
Network delv. notif. request = FALSE
Obs. period =                      FIN Copy Service =


Sender to Receiver Instructions

Banking Prior. =                   User ref.  =
Warning Status =


Server to Receiver Instructions =


Creation

Appl/Serv   = Applic. Interface
RP & Ft     = _AI_from_APPLI
Date/Time   = 01/08/02 16:00:26

Text        =
 20:
     LG/ 035350 0
 32A:
     020805USD50015,
 50:
     VERUS GLOBAL FUND
 53A:
     /000125/563
     MRMDUS33XXX
```

22/09/05                           11:48:00                                Pt

BSA                                    Message File - Message Report

57A:
    ABNAU833XXX
59:
    /574075128641
    AOB
70:
    FOR FURTHER CREDIT TO : TECHNOLOGY
    MANAGING PARTNERS ACCT 12017845
    REF : PRE IPO 14900 BHS EXAIR
    COMM.CORP
71A:
    OUR


Message History -
*Original (Completed)

 Received from APPLI "FileInputAuto" on 01/08/02 at 16:00:25
 Session Nr 9625 Sequence Nr 000001 Result: APPLI Ack
 By SYSTEM : Created at rp [_AI_from_APPLI] and assigned to unit [None]
 By SYSTEM : Disposed from rp [_AI_from_APPLI] to rp [_MP_mod_text]; On processing by Function
AI_from_APPLI with result Success;
 By GORGES : Disposed from rp [_MP_mod_text] to rp [_MP_verification]; On processing by Function
with result Success;
 By MASSIMO : Routed from rp [_MP_verification] to rp [_MP_authorisation]; On Processing by Func
mpa with result Success;(Rule:DEFAULT_RULE,0)
 By STRATOS : Routed from rp [_MP_authorisation] to rp [_SI_to_SWIFT]; On Processing by Function
with result Success;(Rule:USER,100)
 Sent to SWIFT "IBLULULLAXXXF" on 01/08/02 at 16:44:29
 Session Nr 1012 Sequence Nr 031233 Result: SWIFT Ack
    ACK text: [{1:F21IBLULULLAXXX1012031233}{4:{177:0208011644}{451:0}}]
 By SYSTEM : Completed in rp [_SI_to_SWIFT]; On Processing by Function _SI_to_SWIFT with result
Success;(Rule:USER,9900)

*Notification - 1 (Completed)
 By SYSTEM : Created at rp [BatchSwiftAcks] and assigned to unit [None]
 Sent to APPLI "BatchSwiftAcks" on 01/08/02 at 16:45:30
 Session Nr 2102 Sequence Nr 000003 Result: APPLI Ack
 By SYSTEM : Completed in rp [BatchSwiftAcks]; On Processing by Function AI_to_APPLI with result
Success;(Rule:USER,100)

                                    End of Report


22/09/05                    11:48:00                                              Pag

BSA                                           Message File - Message Report

```
U-UMID      = IMRMDUS33XXX100LG/ 033580 0
Suffix      = 020709

Status =
    Message Modified
    Deletable


Format      = Swift                 Sub-Format  = INPUT
Msg Type    = 100                   Nature      = Financial

Sender      =
    IBLULULLXXX LT : A

        SHLLA BANK LUXEMBOURG S.A.

        2449 LUXEMBOURG
        LUXEMBOURG
        LU
        LUXEMBOURG


Receiver    =
    MRMDUS33XXX LT : X

        HSBC BANK USA

        NEW YORK,NY
        US
        UNITED STATES


Transaction ref. = LG/ 033580 0     Related ref. =
Amount      = 97150, USD            Value/Date  = 020709


Format & Validation

Version     = 0105                  Checked     = Minimum
Netw. Appl. = FIN                   Passed      = Minimum


Sender to Network Instructions

Priority    = Normal
Delv. Overdue warning request= FALSE
Network delv. notif. request = FALSE
Obs. period =                       FIN Copy Service =


Sender to Receiver Instructions

Banking Prior. =                    User ref.   =
Warning Status =


Server to Receiver Instructions =


Creation

Appl/Serv   = Applic. Interface
RP & Pt     = AI_from_APPLI
Date/Time   = 09/07/02 12:34:42

Text        =
 20:
    LG/ 033580 0
32A:
    020709USD97150,
50:
    VERUS GLOBAL FUND
    CORPORATE BANKING
53A:
    /000125/563
```

22/09/05                    11:48:46                              Pa

BSA                                      Message File - Message Report

```
        MBMDUS33XXX
57A:
        ABNAUS33XXX
59:
        /574075128641
        A O B
70:
        FOR FURTHER CREDIT TO : TECHNOLOGY
        MANAGING PARTNERS ACCT 12017845.
        REF : PRE IPO 29000 SHS EXAIR COMM
        CORP
71A:
        OUR
```

Message History -
*Original (Completed)

Received from APPLI "FileInputAuto" on 09/07/02 at 12:34:42
Session Nr 8937 Sequence Nr 000001 Result: APPLI Ack
  By SYSTEM : Created at rp [_AI_from_APPLI] and assigned to unit [None]
  By SYSTEM : Disposed from rp [_AI_from_APPLI] to rp [_MP_mod_text]; On processing by Function
AI_from_APPLI with result Success;
  By GORGES : Disposed from rp [_MP_mod_text] to rp [_MP_verification]; On processing by Function
with result Success;
  By MASSIMO : Routed from rp [_MP_verification] to rp [_MP_authorisation]; On Processing by Func
mpa with result Success;(Rule:DEFAULT_RULE,0)
  By STEPHANIE : Routed from rp [_MP_authorisation] to rp [_SI_to_SWIFT]; On Processing by Functi
mpa with result Success;(Rule:USER,100)
Sent to SWIFT "IBLULULLAXXXF" on 09/07/02 at 16:14:19
Session Nr 0995 Sequence Nr 029589 Result: SWIFT Ack
    ACK text: {{1:F21IBLULULLAXXX0995029589}{4:{177:0207091614}{451:0}}}
  By SYSTEM : Completed in rp [_SI_to_SWIFT]; On Processing by Function _SI_to_SWIFT with result
Success;(Rule:USER,9900)

*Notification - 1 (Completed)
  By SYSTEM : Created at rp [BatchSwiftAcks] and assigned to unit [None]
Sent to APPLI "BatchSwiftAcks" on 09/07/02 at 16:15:28
Session Nr 1979 Sequence Nr 000001 Result: APPLI Ack
  By SYSTEM : Completed in rp [BatchSwiftAcks]; On Processing by Function AI_to_APPLI with result
Success;(Rule:USER,100)

                                     End of Report

22/09/05                        11:48:46                                      Pa(

**ORIGINAL**

William A. Markham, State Bar No. 132970
MALDONADO & MARKHAM, LLP
402 West Broadway, Suite 400
San Diego, CA 92101

Tel:     (619) 221-4400
Fax:    (619) 224-3974
E-mail: wm@maldonadomarkham.com

Attorneys for Plaintiff, VERUS GLOBAL FUND.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERUS GLOBAL FUND, <br><br> Plaintiff, <br><br> Vs. <br><br> EXAIR COMMUNICATIONS CORPORATION, <br><br> Defendant. | Case No. '06 CV0253 IEG (POR) <br><br> PROOF OF SERVICE |

PROOF OF SERVICE

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |

2

3   I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to the within action. My business address is 402 West Broadway, Suite 400, San Diego, CA 92101.

4   On the date indicated below, I served the following document(s), which is (are) described as follows:

5

6   -- **FIRST AMENDED COMPLAINT FOR VIOLATION OF 15 U.S.C. § 78(j), BREACH OF CONTRACT, AND QUANTUM MERUIT**

7

8   -- **WAIVER OF SERVICE OF SUMMONS**

9   on the parties or attorneys for parties in this action addressed as follows. (If more than one means of service is checked, the means of service used for each party is indicated.)

10

11   Matthew A. Becker, Esq.    Fax No. (619) 522-6763
     THE LAW OFFICE OF MATTHEW A. BECKER
12   1003 Isabella Avenue,
     Coronado, CA 92118

13

14   _____   **BY PERSONAL SERVICE.** I caused a true and correct copy of the aforementioned document to be personally served by giving same to a representative
15   of _____, for same day service. A completed PROOF OF HAND DELIVERY (CCP §§1011, 2015.5) is to be returned to this office for filing with the
16   Court as required.
     xx
17   _____   **BY FACSIMILE TRANSMISSION.** I caused a true and correct copy of the aforementioned document to be transmitted to each of the parties at the facsimile
18   machine number last given by said party on any document which he or she has filed in this action and served upon this office.
19
     Date of facsimile transmission: March 3, 2006. Time: _____. Originating
20   facsimile machine number (619) 224-3974. A true and correct copy of the transmission report is attached to this proof of service confirming that the fax has
21   been sent without error. (Cal. Rules of Court 2008(e)).
     xx
22   _____   **BY MAIL.** I placed a true and correct copy of the aforementioned document in a sealed envelope individually addressed to each of the parties and caused each such
23   envelope to be deposited with the U.S. Postal Service and/or picked up by an authorized representative, on that same day with fees fully prepaid at San Diego,
24   California, in the ordinary course of business.

25   _____   **BY OVERNIGHT DELIVERY.** I placed a true and correct copy of the aforementioned document in a sealed envelope or package designated by UPS
26   OVERNIGHT EXPRESS, individually addressed to each of the parties and caused each such envelope/package to be deposited and/or picked up by an authorized
27   representative, on that same day with fees fully prepaid at San Diego, California, in the ordinary course of business.
28

---

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Diego, California on March 3, 2006.

_____
Alea Reyna